IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CRISTINA RUIZ REED, | § § § | |
| *Plaintiff,* | § § | CIVIL NO. |
| vs. | § § | SA-18-CV-00237-XR |
| NANCY BERRYHILL, ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § § § § | |
| *Defendant.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Xavier Rodriguez:**

This Report and Recommendation concerns Defendant's Motion to Dismiss [#8]. Also before the Court are Plaintiff's Response [#10], Defendant's Reply [#12], and Plaintiff's Motion for Leave to File Sur-Reply [#13]. This case was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). Plaintiff's Motion for Leave to File Sur-Reply is **GRANTED** as unopposed pursuant to Local Rule CV-7(e). Further, for the reasons set forth below, it is recommended that Defendant's Motion to Dismiss be **GRANTED.**

**I. Procedural Background**

This case concerns Plaintiff's request for review of the administrative denial of her application for disability insurance benefits and disabled widows' insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g), 421(d). On July 18, 2017, Administrative Law Judge (ALJ) Charles L. Brower issued a decision denying Plaintiff's

1

application for benefits. (ALJ's Decision[1] [#8-1] at 7.) Thereafter, Plaintiff requested review of the ALJ's decision by the Social Security Appeals Council ("the Appeals Council"). The Appeals Council denied Plaintiff's request for review of the ALJ's decision on December 21, 2017, leaving the ALJ's decision as the final decision of the Commissioner of Social Security ("the Commissioner"). (Notice of Appeals Council Action[2] [#8-1] at 25.) On March 12, 2018, Plaintiff filed a *pro se* complaint [#3] in the United States District Court for the Western District of Texas, seeking judicial review of the Commissioner's final decision. Defendant now moves to dismiss Plaintiff's appeal as untimely.

## II. Analysis

In its motion, Defendant argues that this appeal should be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction. Defendant originally claimed that this Court lacks subject-matter jurisdiction to hear this case because Plaintiff did not file her Complaint in federal court within the sixty-day filing period specified in 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(c). (Def.'s Mot. [#8] at 1.) In its previous Order requiring Defendant to file a reply, the undersigned explained that the sixty-day filing period is not jurisdictional. (Order Requiring Reply [#11] at 3–4.) The undersigned incorporates that explanation by reference, and Defendant concedes that the sixty-day time limit is not jurisdictional. (Def.'s Reply [#12] at 1.) Thus, this motion to dismiss is governed by Rule 12(b)(6) not Rule 12(b)(1). Defendant's motion to dismiss should be granted because it is untimely and equitable tolling is not warranted in this case.

---

[1] The ALJ's decision is attached as Exhibit 1 to Defendant's Motion to Dismiss [#8].
[2] The Notice of Appeals Council Action is attached as Exhibit 2 to Defendant's Motion to Dismiss [#8].

**A.     Plaintiff's appeal was filed after the sixty-day deadline for seeking judicial review of the denial of a Social Security claim.**

To survive a Rule 12(b)(6) motion to dismiss, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the Rule 8 pleading standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court has clarified that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court considering a motion to dismiss must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). But while a court must accept all of the claimant's well-pleaded facts as true, it is not bound to accept as true conclusory allegations or allegations that merely restate the legal elements of a claim. *See Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

In this case, Defendant urges dismissal of Plaintiff's claim not for failure to plead sufficient facts, but rather because the claim is barred by the applicable statute of limitations. "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017) (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)).

The time limit for seeking judicial review of the denial of a Social Security claim is governed by 42 U.S.C. § 405(g). Section 405(g), which is made applicable to claims arising under Title II of the Act by 42 U.S.C. § 421(d), states, in pertinent part, that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

The statute indicates that the sixty-day filing deadline begins to run on the date that notice of the Commissioner's final decision is mailed to the claimant. However, the Commissioner has created at least two sets of allowances for additional time. First, the time for obtaining judicial review of the Commissioner's final decision may be extended by the Commissioner "upon a showing of good cause." 20 C.F.R. § 422.210(c). The Commissioner was not asked for such an extension in this case. (Def.'s Reply at 4.)

Second, the Commissioner has interpreted "mailing" in 42 U.S.C. § 405(g) as the date on which the claimant receives notice of the Appeals Council's action, and this date is presumed to be five days after the date on the notice, "unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). Thus, the Commissioner has in all instances allowed an additional five days for instituting a civil action from the date the notice of the Appeals Council's action is mailed. The effect of this five-day allowance is that an appeal of the final administrative denial of a claim for Social Security benefits must be initiated no later than sixty-five days (rather than sixty days) from the date notice of the Appeals Council's action is sent to the claimant to be timely. *See*, *e.g.*, *Fletcher v. Apfel*, 210 F.3d 510, 512 (5th Cir. 2000).

On December 21, 2017, the Appeals Council denied Plaintiff's request for review of the ALJ's denial of her claim for disability insurance benefits and disabled widows' insurance

benefits. This action by the Appeals Council left the ALJ's decision as the final decision of the Commissioner, and Plaintiff had sixty days from receipt of the Appeals Council's notice to file the present action. Allowing five days for mailing, the complaint was due in this Court on or before February 26, 2018,[3] but was filed on March 12, 2018. Plaintiff did not file her complaint until sixteen days after the expiration of the sixty-day filing deadline. Defendant, therefore, argues that this appeal must be dismissed.

Plaintiff concedes that she has failed to comply with the sixty-day statutory time limit for filing her petition for review of the administrative denial of her Social Security claim. However, Plaintiff argues that her failure to timely file should be excused based on equitable factors. Accordingly, the issue before the Court is whether the doctrine of equitable tolling can rescue Plaintiff from her failure to comply with the statute of limitations.

**B.    Because equitable tolling of the sixty-day filing deadline is not warranted in this case, Plaintiff's Complaint should be dismissed as untimely.**

As mentioned above, a civil action must be brought within sixty days after the Appeals Council's notice of denial of request for review of the ALJ's decision is received by the claimant. *See* 20 C.F.R. § 422.210(c). The sixty-day limitation on seeking judicial review of a final decision of the Commissioner "is a condition on the waiver of sovereign immunity and thus must be strictly construed." *Bowen*, 476 U.S. at 479. The Commissioner is authorized to toll the sixty-day limitations period "upon a showing of good cause." 20 C.F.R. § 422.210(c). 20 C.F.R. § 404.911 contains numerous factors that the Commissioner is to consider in determining whether a claimant has shown that she had good cause for missing a deadline to request review.

---

[3] Because February 24, 2018, was a Saturday, Plaintiff had until the following Monday to file her complaint. *See* Fed. R. Civ. P. 6(a)(1) (stating that if the last day of a time period in a statute is a Saturday or Sunday, the period continues to run until the end of the next day that is not a Saturday or Sunday).

The Commissioner has chosen not to toll the limitations period in this case. In fact, Plaintiff made no written request to the Appeals Council for an extension of the sixty-day filing deadline. (Def.'s Reply at 4.)

Because the Commissioner is authorized to extend the sixty-day limitations period, in most cases the Commissioner "will make the determination whether it is proper to extend the period within which review must be sought." *Bowen*, 475 U.S. at 480. However, "cases may arise where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Id.* (quoting *Mathews*, 424 U.S. at 330). The Supreme Court has stated that the purpose of the statute of limitations embodied in Section 405(g) is to "move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen*, 475 U.S. at 481. The Fifth Circuit has cautioned that the doctrine of equitable tolling should be applied sparingly, and that the plaintiff bears the burden of showing that there are circumstances justifying its application. *See Marse v. Dep't of Health & Human Servs.*, 999 F.2d 1579 (5th Cir. 1993). "Thus, it is only a rare social security case which will present equities strong enough to toll limitations." *Id.*

This case does not present the requisite compelling equities. Plaintiff has not established that her case falls within the narrow class of cases in which the equities in favor of tolling the limitations period are so great that deference to the agency's determination is inappropriate. *See Bowen*, 475 U.S. at 380. Plaintiff makes two arguments in support of her equitable estoppel defense. First, Plaintiff contends that, although the Appeals Council sent notice of its action denying her request for review of the ALJ's decision on December 21, 2017, she did not receive the Appeals Council's notice until January 19, 2018. For support, Plaintiff attaches a copy of a receipt showing that she was a passenger on a January 19, 2018, flight from Orlando, Florida to

Austin, Texas. (Pl.'s Resp. [#10-1] at 4.) Plaintiff claims that she went to Florida because her youngest son was admitted to a hospital there. (Pl.'s Sur-Reply [#13] at 1.)

Plaintiff's trip to Florida is not grounds for equitable tolling. The Social Security Administration ("the Administration"), of course, has no control over whether a claimant will be home on any given day to receive the Appeals Council's notice. The Administration is under no obligation to constantly monitor whether a claimant is away from her house and, as a result, not able to receive mail. The Appeals Council is required to notify a claimant of the action it takes by mailing notice of its decision to the claimant at her last known address. *See* 20 C.F.R. § 404.967. The Appeals Council did just that, mailing notice of its action denying Plaintiff's request for review of the ALJ's decision on December 21, 2017, to the Plaintiff's last known address. (Notice of Appeals Council Action at 25–31.) In addition, the sixty-day filing deadline did not expire until February 26, 2018. When Plaintiff returned to Texas on January 19, 2018, she still had over one month to file her complaint.

Second, Plaintiff alleges that in January 2018, she contacted the Social Security Office in Kerrville, Texas, to inquire about her application for benefits. (Pl.'s Resp. at 4.) Plaintiff further alleges that she was informed by an unidentified employee that her case was closed, that there were no other steps that she could take at that time, and that she could not sue the Administration. (*Id.*) As the sixty-day filing deadline did not expire until February 26, 2018, this would have been an incorrect statement of the law. Thus, the crux of Plaintiff's argument is that the Administration gave her incorrect information about her right to file a civil suit in federal district court and this misinformation justifies tolling the limitations period. *See* 20 C.F.R. § 404.911(b)(6) (noting that being given misinformation about when or how to file a civil suit can be good cause for missing the deadline to request review).

The Court should reject this argument for three reasons. First, Plaintiff did not at any time seek to get an extension of the sixty-day limitations period from the Administration, as the November 21, 2017, notice to her specifically advised her she could do. (Notice of Appeals Council Action at 27.) That Plaintiff did not ask the Appeals Council to extend her time to file certainly counts against equitable tolling. *See Flores v. Sullivan,* 945 F.2d 109, 113 (5th Cir. 1991).

Second, the Appeals Council's notice apprised Plaintiff of her right to appeal the ALJ's decision by filing a complaint in the United States District Court for the judicial district in which she lived. (Notice of Appeals Council Action at 26–27.) The Appeals Council's notice specifically informed Plaintiff that she had sixty days to file a civil action, that the sixty days started the day after she received the notice, and that the Appeals Council would assume that she received the notice five days after the date on it, unless she showed the Appeals Council that she did not receive it within the five-day period. (*Id.* at 27.) Plaintiff's failure to timely file should not be excused in light of the fact that Plaintiff was provided with clear, detailed, written instructions on how and when to appeal in the Appeals Council's notice.

Finally, the Fifth Circuit has long held "that the government cannot be bound by unauthorized or incorrect statements of its agents." *Heckler*, 767 F.2d at 213 (quoting *United States v. Thompson*, 749 F.2d 189, 193 (5th Cir.1984)). Thus, the fact that an employee of the Social Security Office in Kerrville, Texas, may have erroneously informed Plaintiff that she could not sue the Administration does not estop the government from insisting upon compliance with the sixty-day filing deadline. And Plaintiff has made no showing of affirmative misconduct or impropriety on the part of the government. *Cf. Bowen*, 476 U.S. at 475, 481 (indicating that

the government's secretive conduct was a factor in determining that the limitations period was equitably tolled).

## IV. Order and Recommendation

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Sur-Reply [#13] is **GRANTED.**

Having considered Plaintiff's Complaint in light of the arguments raised in Defendant's motion, as well as the response and reply thereto, the governing law, and the entire record in this case, the undersigned recommends that Defendant's Motion to Dismiss [#8] be **GRANTED.**

## V. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations

contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 23rd day of October, 2018.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE